# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SCOTT S. ROUSE, | Case No. 2:17-CV-2939 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| WYNN LAS VEGAS, LLC, | |
| Defendant(s). | |

Presently before the court is Wynn Las Vegas, LLC's ("Wynn") motion for summary judgment. (ECF No. 28). Plaintiff Scott Rouse filed a response (ECF No. 31), to which Wynn replied (ECF No. 32).

Also before the court is Rouse's motion to partially strike Wynn's reply (ECF No. 32). (ECF No. 33). Wynn filed a response (ECF No. 34), to which Rouse replied (ECF No. 35).

**I.  Facts**

This action arises out of an employment dispute in which Rouse alleges that Wynn interfered with his right to seek medical leave and subsequently terminated him in violation of the Family Medical Leave Act ("FMLA"). (ECF No. 1.).

On or about June 12, 2007, Wynn hired Rouse as an audio-visual technician for its Convention Services Department. (ECF No. 28-1). Between 2013 and 2014, Wynn promoted Rouse to "Lead Technician," which required him to supervise multiple audio-visual technicians. *Id.*

On July 15, 2017, at approximately 4:30 a.m., a Wynn employee named Victor Junger went into the technician's office and observed Rouse watching a movie with his subordinates while they were all on duty. (ECF No. 28-2). Before Junger left, he used his cell phone to take a

**James C. Mahan**
**U.S. District Judge**

photograph, which shows Rouse sitting back and watching a movie on a desktop monitor. *Id.* About half an hour later, another Wynn employee named Jarrod Hetzer walked into the office and made similar observations. *Id.*

On July 17, 2017, Wynn placed Rouse on suspension while it investigated the movie-watching incident. *Id.* Two days later, Rouse sent an e-mail to office manager Julie Hoffman stating that he was not able to schedule vacation days on the company's online system for his upcoming throat surgery on August 1, 2017. *Id.* Rouse also communicated in the e-mail that he would be taking off August 3 through August 5. *Id.* Hoffman responded to Rouse's e-mail by writing "Ok thanks." *Id.*

Wynn's representative, Paulyn Hauschildt, testified in her deposition that typically Hoffman would direct an employee seeking FMLA leave to BASIC, Wynn's third party administrator for absence and leave management. (ECF No. 31-1). However, according to Hauschildt's testimony, Hoffman did not direct Rouse to BASIC because his suspension rendered him a "non active" employee. *Id.*

On July 28, 2017, Wynn terminated Rouse for "Willful Misconduct." (ECF No. 28-2). The movie-watching incident and a written warning issued on May 25, 2017, constitute the underlying conduct in support of Rouse's discharge. *Id.*

On November 27, 2017, Rouse filed a complaint alleging a single cause of action for FMLA interference. (ECF No. 1). Now, Wynn moves for summary judgment. (ECF No. 28).

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to

be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and

1 allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. Discussion

As a preliminary matter, the court will deny Rouse's motion to partially strike (ECF No. 33) because the disputed sections of Wynn's reply (ECF No. 32) and exhibit 18 (ECF 32-1) address arguments that Rouse advanced in his response (ECF No. 31).

The court will also grant Wynn's motion for the summary judgment because the undisputed evidence before the court shows that (1) Rouse's request for FMLA leave was not a negative factor in Wynn's decision to terminate him and (2) Wynn's alleged FMLA violation did not prejudice Rouse.

Under the FMLA, it is unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA." 29 U.S.C. § 2615(a)(1). Thus, § 2615(a)(1) prohibits an employer from using FMLA-protected leave as a negative factor in an employment decision. *Bachelder v. American West Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001). To prevail on an interference claim, a plaintiff "need only prove by a preponderance of the evidence that her taking of FMLA-protected leaves constituted a negative factor in [an adverse employment decision]." *Id.* at 1125.

When viewing the facts in the light most favorable to Rouse, the record before the court shows that Rouse's request for FMLA leave did not constitute a negative factor in Wynn's decision to terminate him. Rouse has failed to provide any evidence showing that his request for leave had anything to do with his termination, other than pointing out the proximity in time between the two events. *See* (ECF No. 31).

Although temporal proximity generally may support an inference of causation, it should not be considered "without regard to its factual setting." *Coszalter v. City of Salem*, 320 F.3d 968, 978 (9th Cir. 2003). Indeed, "Proximity alone . . . is insufficient to establish a triable issue." *Larmanger v. Kaiser Foundation Health Plan of the Northwest*, 585 Fed. Appx. 578, 578 (9th Cir. 2014).

Here, Rouse was already under suspension pending investigation when he made his request and the evidence before the court shows that Rouse was engaging in misconduct that supports lawful termination. (ECF No. 28-2). Thus, the fact that Wynn terminated Rouse approximately nine days after he requested leave does not create a genuine dispute regarding causation. *See Biba v. Wells Fargo & Co.*, No. C 09–3249 MEJ, 2010 WL 4942559, at *18 (N.D. Cal. Nov. 10, 2010) ("Under the circumstances, the fact that her termination occurred within one week of her request for leave is simply insufficient to create a triable issue of fact.").

Additionally, an employer can successfully refute an FMLA interference claim by proving that the employee would have been dismissed regardless of the employee's request for FMLA leave. *Sanders v. City of Newport*, 657 F.3d 772, 780 (9th Cir. 2011) (citing 29 C.F.R. § 825.214); *see Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002) (holding that the FMLA "provides no relief unless the employee has been prejudiced by the violation.").

Wynn satisfies this burden as it has shown that Rouse received a written warning on May 25, 2017, Rouse was under suspension pending investigation of the movie-watching incident before Rouse requested leave, and the conclusion of the already ongoing investigation was to discharge Rouse. *See* (ECF No. 2802).

In light of the foregoing, the court will grant Wynn's motion for summary judgment.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Wynn's motion for summary judgment (ECF No. 28) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Rouse's motion to strike (ECF No. 33) be, and the same hereby is, DENIED.

The clerk shall enter judgment accordingly and close the case.

DATED November 29, 2018.

_____
UNITED STATES DISTRICT JUDGE